BLACK, Circuit Judge:
Nathan Deshawn Faust appeals his conviction and 210-month sentence for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). He argues: (1) there is insufficient evidence to support his conviction; (2) the district court erred in admitting evidence under Federal Rule of Evidence 404(b) because the Government failed to provide adequate notice of its intent to introduce such evidence; and (3) the district court violated his Sixth Amendment right to a jury trial by enhancing his sentence based on conduct for which he was acquitted. For the *1344 reasons set forth more fully below, we affirm.
I. BACKGROUND
On June 12, 2003, police responded to a 911 call at a residence in West Palm Beach, Florida. Joy Wright opened the door but insisted she had not called 911. She did not allow the officers inside. Shortly thereafter, Faust appeared at the door, and Wright identified him as her husband who lived there. After leaving, the officers informed the narcotics unit of suspicious behavior at the residence.
Narcotics officers returned to the residence later that night. Soon after arriving, they witnessed Faust leaving the residence in a black rental car and observed a red Camaro parked outside. They then searched the trash at the curb outside the residence. This “trash pull” uncovered 17 aluminum baking pans, seven or eight of which contained scoring marks and white powder residue, and a small plastic bag also containing white powder residue. A trash pull conducted a few days later uncovered additional plastic bags with the same residue. The residue on the items tested positive for cocaine based on an initial field test.
Police obtained a search warrant and searched the residence on June 25, 2003. Wright was not at home, but four others, including Faust, were present. The officers found a bag containing 31.6 grams of cocaine on top of a kitchen cabinet next to an unopened letter addressed to Faust, and a baking pan bearing scoring marks similar to those on the pans found in the first trash pull. Throughout the house, they also found 94 grams of methylenedi-oxymethamphetamine (ecstasy), four firearms and ammunition, $2700 in cash, and what was believed to be incense, a known cutting agent. A digital scale that Faust later admitted was his, men’s clothing and cologne, and family photographs including Faust were also found in the house. Following Faust’s arrest, $745 in small bills was found in his pants pocket.
Faust was charged in a four-count su-perceding indictment.[1] At trial, the Government presented testimony from the landlord of the residence, who said both Wright and Faust originally signed the lease, but only Wright signed the renewal agreement. He also testified that Faust owned a red Camaro. The Government then called a fingerprint expert who testified that one of the baking pans found in the first trash pull contained Faust’s fingerprint. Another expert testified that the items found in the residence, as well as the scoring marks on the baking pans, were .consistent with the cooking, cutting, and dealing of crack cocaine. The same expert testified that the $2700 found in the residence was banded in “dealer folds” and that drug dealers predominately keep property in the name of other individuals to isolate themselves from their drug dealing activities. Finally, the Government offered testimony from Dwayne Cooley under Federal Rule of Evidence 404(b).[2] *1345 Cooley said he had a history of purchasing crack cocaine from Faust and had seen Faust cooking crack cocaine. In defense, Faust argued he did not live at the residence and had no knowledge of the drugs or guns found there. The jury convicted Faust of possession with intent to distribute cocaine, but acquitted him on the remaining three counts.
The pre-sentence investigation report (PSI) calculated Faust’s base offense level at 20 pursuant to U.S.S.G. § 2Dl.l(a)(3) and (c)(10) due to his responsibility for 31.6 grams of cocaine and 94 grams of ecstasy. Two levels were added under § 2Dl.l(b)(l) because he possessed a dangerous weapon. However, because Faust was a career offender under § 4Bl.l(a) and the statutory maximum for his convicted offense was 30 years,[3] his offense level was set at 34 pursuant to § 4Bl.l(b). With a criminal history category of VI, his Guideline range became 262 to 327 months’ imprisonment.
Faust was sentenced after the Supreme Court’s decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). At sentencing, he renewed his objections to the PSI, arguing his sentence should not be enhanced based on possession of ecstasy and weapons because he was acquitted of that conduct. The district court overruled the objection because it had considered the Guidelines as advisory and had based its calculations on a preponderance of the evidence. The district court, however, granted Faust’s motion for a downward departure because his criminal history category seriously over-represented his criminal history. With a new criminal history category of TV, Faust’s Guideline range became 210 to 262 months’ imprisonment. The court considered the factors in 18 U.S.C. § 3553(a), and sentenced Faust to 210 months’ imprisonment and 6 years’ supervised release. This appeal followed.
II. DISCUSSION
A. Sufficiency of the Evidence
Faust first argues there is insufficient evidence on which to sustain his conviction because the Government cannot show he possessed the cocaine found at the residence. We review sufficiency of the evidence claims de novo. United States v. McDowell, 250 F.3d 1354, 1361 (11th Cir.2001). To determine if evidence is sufficient to support a conviction, we must view the evidence in the light most favorable to the Government and decide whether a reasonable juror could have reached a conclusion of guilt beyond a reasonable doubt. United States v. Calderon, 127 F.3d 1314, 1324 (11th Cir.1997). “It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt.” United States v. Harris, 20 F.3d 445, 453 (11th Cir.1994).
To support a conviction under 21 U.S.C. § 841(a)(1), the Government must establish the defendant “(1) knowingly (2) possessed cocaine (3) with intent to distribute it.” Id. Possession may be either actual or constructive. Id. “The government may prove constructive possession if it shows a defendant maintained dominion or control over the drugs or over the premises where the drugs are located.” Id. Constructive possession can be established by either direct or circumstantial *1346 evidence and by inferences arising from the surrounding circumstances. See United States v. Pruitt, 763 F.2d 1256, 1264 (11th Cir.1985).
The Government presented sufficient evidence at trial to support the conclusion that Faust constructively possessed the cocaine found at the residence. In the first trash pull, police uncovered 17 baking pans, many containing cocaine residue and scoring marks consistent with the cutting of crack cocaine. Faust was seen leaving the residence on the night of the trash pull, and his fingerprint was found on one of the baking pans that contained cocaine residue. Moreover, when executing the search warrant, police discovered an unopened letter addressed to Faust next to the bag of cocaine and an additional baking pan bearing scoring marks. Throughout the house, the officers also found $2700 in cash, a digital scale, and incense, a known cutting agent. In addition, $745 in small bills was found on Faust’s person. This evidence, bolstered by Dwayne Cooley’s testimony regarding his past drug dealings with Faust, could, and did, convince a reasonable juror beyond a reasonable doubt that Faust participated in the production of crack cocaine and possessed the cocaine found at the residence for that purpose.
Furthermore, although Faust denied living at the residence, the Government presented sufficient evidence for the jury to infer that he did in fact live there or, at the very least, “maintained dominion or control ... over the premises.” See id. When police responded to the 911 call and Faust appeared at the door, Wright identified him as her husband who lived there. During the search, police discovered letters addressed to Faust, men’s clothing and cologne, family photographs that included Faust, and a digital scale, which Faust admitted was his. Faust also signed the original lease and, although he did not sign the renewal agreement, an expert testified that such behavior was consistent with the actions of drug dealers. Finally, Faust testified that he could gain access to the residence at will; indeed, Wright was not at home on the night of the search, and Faust had let himself in. Based on this evidence, a reasonable juror could have concluded beyond a reasonable doubt that Faust maintained dominion or control over the residence. Accordingly, sufficient evidence supports Faust’s conviction on a constructive possession theory.
B. Rule JpOb(b) Evidence
Faust next argues the district court erred in admitting Dwayne Cooley’s testimony. He does not dispute the content of Cooley’s testimony, but instead contends the Government failed to provide reasonable notice of its intent to introduce his testimony as required by Federal Rule of Evidence 404(b). The record directly contradicts this assertion.
Under Rule 404(b), evidence of pri- or acts is not admissible to prove the defendant’s character, but is admissible for other limited purposes “provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial ... of the general nature of any such evidence it intends to introduce at trial.” On July 30, 2002, in its first response to the standing discovery order, the Government disclosed its intent to offer 404(b) evidence at trial. On January 6, 2004, more than seven months prior to trial, the Government submitted a supplemental response indicating “pursuant to [Federal Rule of Evidence] 404(b) it may offer the testimony of Dwayne Cooley regarding his narcotic dealings with defendant.” The supplemental response went on to detail the content of Cooley’s anticipated testimony. The Government’s notice, given more than seven months before *1347 trial, was certainly sufficient to satisfy Rule 404(b)’s reasonable notice requirement.
C. Sixth Amendment Challenge
Finally, Faust argues the district court erred in enhancing his base offense level due to its finding that he possessed ecstasy and firearms, because the jury acquitted him of that conduct.[4] Faust contends that even when the Sentencing Guidelines are applied in an advisory manner, the Sixth Amendment right to a jury trial prohibits courts from considering relevant conduct for which a defendant was acquitted when making sentencing calculations. This Court has already rejected that argument.
Under our long-standing precedent, “[rjelevant conduct of which a defendant was acquitted nonetheless may be taken into account in sentencing for the offense of conviction, as long as the government proves the acquitted conduct relied upon by a preponderance of the evidence.” United States v. Barakat, 130 F.3d 1448, 1452 (11th Cir.1997); see also United States v. Rivera-Lopez, 928 F.2d 372, 372-73 (11th Cir.1991). As the Supreme Court explained in United States v. Watts, 519 U.S. 148, 154, 117 S.Ct. 633, 636, 136 L.Ed.2d 554 (1997), “sentencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction.” “[Consideration of information about the defendant’s character and conduct at sentencing does not result in ‘punishment’ for any offense other than the one of which the defendant was convicted.” Id. at 155, 117 S.Ct. at 636 (quotation omitted). Faust recognizes this precedent, but argues the Supreme Court’s decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), casts doubt on it.
In United States v. Duncan, 400 F.3d 1297, 1304-05 (11th Cir.2005), cert. denied, — U.S. -, 126 S.Ct. 432, 163 L.Ed.2d 329 (2005), however, we held nothing in Booker prohibits courts from considering relevant acquitted conduct when the Sentencing Guidelines are applied as advisory.[5] As we explained:
Booker does not suggest that the consideration of acquitted conduct violates the Sixth Amendment as long as the judge does not impose a sentence that exceeds what is authorized by the jury verdict. Thus, nothing in Booker erodes our binding precedent. Booker suggests that sentencing judges can continue to consider relevant acquitted conduct when applying the Guidelines in an advisory manner, “for when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.”
Id. (quoting Booker, 543 U.S. at 233, 125 S.Ct. at 750); see also United States v. *1348 Rodriguez, 398 F.3d 1291, 1301 (11th Cir.2005) (explaining “all nine [justices] agreed that the use of extra-verdict enhancements in an advisory guidelines system is not unconstitutional.”). Indeed, in Justice Stevens’ majority opinion in Booker, he stated “[n]one of our prior cases is inconsistent with today’s decision” and specifically discussed Watts, among other cases. Booker, 543 U.S. at 240-41, 125 S.Ct. at 754-55. Thus, Watts ’ holding — '“that a jury’s verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence conduct,” Watts, 519 U.S. at 156, 117 S.Ct. at 638 — survives Booker.
We also note 18 U.S.C. § 3661, on which Watts relied, remains intact post -Booker. Under § 3661, “[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.” Because the Supreme Court in Booker excised only two provisions of the Sentencing Act, 18 U.S.C. § 3553(b)(1) and § 3742(e), see Booker, 543 U.S. at 259, 125 S.Ct. at 764, it follows that courts may still consider relevant facts concerning a defendant’s “background, character, and conduct” when making sentencing calculations, even if those facts relate to acquitted conduct. See Magallanez, 408 F.3d at 684-85. Accordingly, under an advisory Guidelines scheme, courts can continue to consider relevant acquitted conduct so long as the facts underlying the conduct are proved by a preponderance of the evidence and the sentence imposed does not exceed the maximum sentence authorized by the jury verdict.
Here, the district judge clearly applied the Guidelines as advisory, stating during the sentencing hearing, “I absolutely understand that the Sentencing Guidelines are no longer mandatory.” The judge then found the facts underlying the acquitted conduct by a preponderance of the evidence. As for the ecstasy charge, the evidence showed that several bags of ecstasy, totaling 94 grams, were recovered from the living room on the night of the search. The judge found “the presence of [ecstasy] certainly has been established by a preponderance of the evidence, and its relationship to the Defendant as being involved in the possession of those drugs has been established by a preponderance of the evidence.” As for the weapons charge, four firearms were recovered, one next to a bag of ecstasy and three elsewhere in the residence. The judge found by a preponderance of the evidence that either Faust or a co-conspirator possessed the firearms. Based on these findings, the judge enhanced Faust’s offense level accordingly. Finally, Faust’s ultimate sentence, 210 months’ imprisonment, was well below the 30-year maximum sentence authorized by the jury verdict of conviction on the cocaine possession charge. The district court thus did not err in considering the ecstasy and weapons charges as relevant conduct when calculating Faust’s sentence.
III. CONCLUSION
We affirm Faust’s conviction because it is supported by sufficient evidence and because the Government provided reasonable notice of its intent to introduce Cooley’s testimony. We also affirm Faust’s sentence because the district court did not err in considering relevant acquitted conduct, established by a preponderance of the evidence, when calculating his sentence.
AFFIRMED.

. Specifically, Faust was charged with: (1) possession with the intent to distribute ecstasy, in violation of 21 U.S.C. § 841(a)(1); (2) possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); (3) possession of a firearm and/or ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); and (4) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(l)(A)(i) and (ii).

. Federal Rule of Evidence 404(b) states, in pertinent part: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of ... intent .... ” The Government con *1345 tends it introduced Cooley’s testimony regarding his past drug dealings with Faust to prove Faust intended to distribute the cocaine found in the residence.

. This statutory maximum was based on a violation of 21 U.S.C. § 841(b)(1)(C), and the Government having filed a notice of enhancement pursuant to 21 U.S.C. § 851.

. Faust also argues the district court erred in determining the term "statutory maximum” in U.S.S.G. § 4Bl.l(b)(B) refers to the number of years set forth in the substantive statute rather than the maximum sentence permitted by the Guidelines prior to the application of any enhancements. This argument is without merit. It is beyond question that "statutory maximum” refers to the maximum sentence a defendant can receive, according to the substantive statute, based on his offense of conviction.

. Every other circuit to consider this issue has reached the same conclusion. See United States v. High Elk, 442 F.3d 622, 626 (8th Cir.2006); United States v. Vaughn, 430 F.3d 518, 526-27 (2d Cir.2005); United States v. Price, 418 F.3d 771, 787-88 (7th Cir.2005); United States v. Magallanez, 408 F.3d 672, 684-85 (10th Cir.2005).