[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13644
Non-Argument Calendar

_____

D. C. Docket No. 05-00315-CR-2-KD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JARON LEWIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(June 27, 2007)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Jaron Lewis appeals his 75-month sentence for conspiracy to possess and distribute cocaine, in violation of 21 U.S.C. § 846. Lewis contends the district court erred in: (1) finding by a preponderance of the evidence the amount of cocaine involved in the conspiracy was at least 500 grams, despite the jury's finding the quantity was less than 500 grams; and (2) calculating a criminal history point for a prior conviction for driving without a license. We vacate and remand for resentencing.

**I.  DISCUSSION**

A. *Drug Quantity*

The district court must determine the quantity of illegal drugs attributable to the defendant in calculating the base offense level for a drug conspiracy offense,. U.S.S.G. § 2D1.1(c). We review this factual determination for clear error. *United States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir.), *cert. denied*, 125 S. Ct. 2935 (2005).

Under U.S.S.G. § 1B1.3(a)(1)(A), the district court should consider "all acts and omissions committed, aided, abetted . . . or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction" to make its determination of base offense level. In cases involving drugs, "the defendant is accountable for all quantities of contraband with which he was directly involved

and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." U.S.S.G. § 1B1.3, comment. (n.2). The district court may consider relevant acquitted conduct when making sentencing calculations, so long as the Guidelines are applied as advisory, the conduct is proven by a preponderance of the evidence, and the sentence imposed does not exceed the statutory maximum sentence authorized by the jury's verdict. *United States v. Faust*, 456 F.3d 1342, 1348 (11th Cir.), *cert. denied*, 127 S. Ct. 615 (2006).

If a defendant raises an objection to the drug quantity used in calculating his Guidelines sentence, "the government bears the burden of establishing the disputed fact by a preponderance of the evidence." *Rodriguez*, 398 F.3d at 1296. Although preponderance of the evidence is a relaxed evidentiary standard, "it does not grant the court a license to sentence a defendant in the absence of sufficient evidence when that defendant has properly objected to a factual conclusion." *Id.*

The district court's finding the drug quantity attributable to Lewis was at least 500 grams was not clearly erroneous, despite the jury's finding the amount involved was less than 500 grams. At Lewis's trial, two co-conspirators involved in the drug purchase leading to the charge against Lewis testified the transaction was for 750 grams and 500 grams, respectively. This evidence sufficiently

3

supports the district court's finding. Moreover, the district court applied the Guidelines as advisory and imposed a sentence significantly below the 20-year maximum sentence authorized by the jury's verdict. *See* 21 U.S.C. § 841(b)(1)(C); *Faust*, 456 F.3d at 1348.

Lewis's argument the district court should have applied the beyond a reasonable doubt standard is foreclosed by our precedent. *See, e.g.*, *Faust*, 456 F.3d at 1347-48; *Rodriguez*, 398 F.3d at 1296-97. Accordingly, the district court did not err in its drug quantity finding.

B. *Criminal History*

Although we review a district court's findings of fact for clear error, we review a district court's application of the Sentencing Guidelines *de novo*. *United States v. Ndiaye*, 434 F.3d 1270, 1280 (11th Cir.), *cert. denied*, 127 S. Ct. 128 (2006). Under U.S.S.G. § 4A1.2(c), misdemeanor and petty offenses are generally considered in calculating a defendant's criminal history score. However, certain offenses, including driving without a license, are counted only if "(A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." *Id.* When a defendant raises a challenge to a factual basis of his sentence, the burden is on the

4

government to establish the disputed fact by a preponderance of the evidence. *Ndiaye*, 434 F.3d at 1300.

Lewis objected to the statement in his presentence investgation report ("PSI") that he was convicted by a municipal court for driving without a license and received a sentence of 33 months' probation. Lewis argued the sentence was a legal impossibility because Alabama law did not allow municipal courts to impose such a sentence. The district court nevertheless counted the offense when calculating Lewis's criminal history score, stating Lewis did not produce evidence of the actual term of probation imposed.

At the sentencing hearing, the Government did not challenge Lewis's argument the sentence stated in the PSI was legally impossible, nor did the district court find his position lacked merit. Also, the Government does not argue on appeal the PSI could have been correct, and Alabama law supports Lewis's position. *See* Ala. Code § 32-6-18(a) (defining driving without a driver's license as a misdemeanor offense punishable by a fine between $10 and $100 and a $50 penalty); *id.* § 15-22-54(a) (stating "in no case shall the maximum probation period of a defendant guilty of a misdemeanor exceed two years").

After Lewis raised this uncontested basis for questioning the facts in his PSI, however, the district court placed the burden on Lewis to prove his conviction

should not count under § 4A1.2(c) because it resulted in a sentence of less than one year of probation. This was erroneous because the burden should have shifted to the Government to establish the length of his probation by a preponderance of the evidence. *See Ndiaye*, 434 F.3d at 100. The Government, however, did not present any such evidence. Instead, the only evidence Lewis received at least one year of probation for the conviction is the disputed statement in the PSI. Because it is the Government's burden to prove a disputed fact and the government did not do so, the district court erred by assigning Lewis a criminal history point under § 4A1.2(c) for his driving without a license offense.

If, on review, we determine the district court committed an error in calculating the Guidelines range, we must vacate the sentence and remand the case unless the district court would have likely sentenced the defendant in the same way had the error not occurred. *United States v. Scott*, 441 F.3d 1322, 1329 (11th Cir. 2006). The burden to establish the error was harmless rests with the party defending the sentence. *United States v. Williams*, 456 F.3d 1353, 1362 (11th Cir. 2006).

The difference between the correct range and the calculated range was slight. Without the error, Lewis would have had one criminal history point for a conviction for driving with a suspended license and obstructed windshield. Thus,

he would have been in a criminal history category of I, and the advisory Guidelines range would have been 63 to 78 months, instead of 70 to 87 months. U.S.S.G. Ch. 5, Pt. A. When sentencing Lewis, the district court found the advisory range over-represented Lewis's criminal history and stated it would balance that consideration against Lewis's denial of his role in the conspiracy during his trial.

The district court did not, however, state it would have reached the same conclusion regardless of the disputed issue of Lewis's criminal history category. *Cf. Scott*, 441 F.3d at 1330. Although the imposed 75-month sentence is within the Guidelines range the district court should have used, it is at the high-end of that range, and it is unclear how the district court would have balanced Lewis's minor criminal history against his denial of involvement if it had used the appropriate range as guidance. Therefore, the Government has not met its burden to show that the error was harmless. Thus, the district court erred in imposing a criminal history point for driving without a license.

## II. CONCLUSION

The district court's drug quantity finding was not clearly erroneous, however, the district court erred in its calculation of Lewis's criminal history

category.  Accordingly, we vacate Lewis's sentence and remand for a new

sentencing proceeding in accordance with this opinion.

**VACATED AND REMANDED.**