[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10371
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20598-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAMAR JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 25, 2011)

Before WILSON, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Lamar Johnson appeals his convictions for possession with intent to

distribute marijuana in violation of 21 U.S.C. § 841(a)(1); possession of a firearm

in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He also appeals his total 108-month sentence. On appeal, Johnson argues that the district court erred in denying his pretrial motion to suppress evidence seized pursuant to an allegedly unlawful search warrant, and that the district court violated his Sixth Amendment and statutory rights by increasing his sentencing guideline calculation based on other criminal conduct for which he was acquitted. After thorough review, we affirm Johnson's convictions and sentence.

I.

We review the denial of a motion to suppress as a mixed question of law and fact, reviewing findings of fact, including credibility determinations, for clear error and the application of law to those facts de novo. United States v. White, 593 F.3d 1199, 1202 (11th Cir. 2010). Similarly, we review de novo whether probable cause existed to support a search warrant, although we "take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." United States v. Gamory, 635 F.3d 480, 491 (11th Cir. 2011) (quotation marks omitted).

2

To obtain a warrant to search a defendant's residence, law enforcement must show the authorizing magistrate probable cause, that is, that "the totality of the circumstances allows the conclusion that there is a fair probability that contraband or evidence of a crime will be found [there]." United States v. Kapordelis, 569 F.3d 1291, 1310 (11th Cir. 2009) (quotation marks omitted).

An affidavit supporting such a search warrant should generally "establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity," though detailed factual allegations about a residence itself may be sufficient to do so. United States v. Martin, 297 F.3d 1308, 1314–15 (11th Cir. 2002). The information in the affidavit must also be fresh, meaning recent enough to be reliable. Id. at 1314.

If an informant is mentioned in the affidavit, the affidavit must demonstrate the informant's "veracity" and "basis of knowledge." Illinois v. Gates, 462 U.S. 213, 238, 103 S. Ct. 2317, 2332 (1983). However, "[w]hen there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant." Martin, 297 F.3d at 1314 (quotation marks omitted).

Affidavits supporting search warrants are presumptively valid. Gamory, 635 F.3d at 490. A defendant may challenge the affidavit's validity by making a

substantial preliminary showing that the affidavit contained a false statement, included knowingly and intentionally or with reckless disregard for the truth. Id. Upon such a showing, and if the challenged statement might have been necessary to support probable cause, the district court must hold an evidentiary hearing. Id. At the so-called "Franks hearing," the defendant may have the warrant voided and the fruits of the search excluded if he shows that, but for the misrepresentations or omissions, the government could not have established probable cause. See id.; see also Franks v. Delaware, 438 U.S. 154, 156, 98 S. Ct. 2674, 2676 (1978).

Johnson argues that the district court erred by denying his motion to suppress physical evidence discovered during the search of his residence, because the warrant relied on a Miami-Dade Police Department detective's affidavit that contained an allegedly false statement. Johnson argues that, after excising the detective's allegedly false statement, the affidavit did not contain information sufficient to support a finding of probable cause to search his residence.

We conclude that, even absent the statements regarding the officer's personal observations, the remainder of the warrant is sufficient to provide probable cause. To be sure, the detective's affidavit loses some force without his direct observation of a person broadly fitting Johnson's description. But the warrant was issued to search the premises, not Johnson's person; and the affidavit

4

contains enough fresh and detailed factual allegations about the premises to support a finding of probable cause. See Martin, 297 F.3d at 1314–15. These allegations include the detective's direct observation at the house of two controlled buys, conducted according to a set of procedures designed to ensure their reliability. The procedures also provide sufficient independent corroboration of the veracity of the CI. See id. We therefore affirm the district court's decision to deny the motion to suppress.

## II.

Johnson next argues that the district court improperly increased his sentencing guideline calculation based on acquitted conduct. He claims, for the first time, that this use of acquitted conduct violates his Sixth Amendment right to a jury trial.[1]

In Faust, we held that, when using the sentencing guidelines in an advisory manner, district courts may consider conduct underlying the acquitted charge so long as the facts underlying the conduct are proved by a preponderance of the

---

[1] We review the district court's factual determinations for clear error, and its application and legal interpretations of the Guidelines de novo. United States v. Zaldivar, 615 F.3d 1346, 1350 (11th Cir. 2010). Arguments not raised in the district court are reviewed for plain error. See Fed. R. Crim. P. 52(b); United States v. Duncan, 400 F.3d 1297, 1301 (11th Cir. 2005). By its nature, review for plain error corrects only errors that were readily apparent under controlling precedent. See United States v. Lett, 483 F.3d 782, 790 (11th Cir. 2007).

evidence and the sentence imposed does not exceed the maximum sentence authorized by the jury verdict. United States v. Faust, 456 F.3d 1342, 1347 (11th Cir. 2006). Similarly, we have held that a sentencing court may consider a defendant's acquittal at trial for possession of drugs, where the defendant was convicted of possession of other drugs and failed to raise a Sixth Amendment objection at sentencing. See generally Duncan, 400 F.3d 1297.

Johnson acknowledges this precedent but nonetheless argues that this Court's decisions in Duncan and Faust are not in keeping with Supreme Court jurisprudence and the Constitution. We refrain from passing on the merits of Johnson's argument. See United States v. Hogan, 986 F.2d 1364, 1369 (11th Cir. 1993) ("[I]t is the firmly established rule of this Circuit that each succeeding panel is bound by the holding of the first panel to address an issue of law, unless and until that holding is overruled en banc, or by the Supreme Court."). We therefore conclude that the district court did not plainly err, and affirm Johnson's 108-month sentence.

**AFFIRMED**.