[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16301
Non-Argument Calendar
_____

D.C. Docket No. 2:11-cr-00081-WKW-WC-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHAVONNE MONIQUE MCLEOD,

Defendant-Appellant,


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(June 27, 2013)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Chavonne McLeod appeals her six-month sentence, imposed by

the district court after  she pled guilty to one count of possession of a stolen vehicle

in violation of 18 U.S.C. § 2313.  On appeal,  McLeod argues that the district court erred in imposing an enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(13) for involvement in an organized scheme to steal or receive stolen vehicles because her conduct was not ongoing and was limited to only one stolen vehicle.

We review for clear error the district court's factual findings that support a sentence enhancement.  *United States v. Ladson*, 643 F.3d 1335, 1341 (11th Cir. 2011).  "Under clear error review, the district court's determination must be affirmed so long as it is plausible in light of the record reviewed in its entirety." *Id.*(internal quotation marks omitted).  We review "purely legal questions *de novo*, . . . and, in most cases, a district court's application of the guidelines to the facts with 'due deference.'"  *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010) (internal quotation marks omitted).

Section 2B1.1(b)(13) of the Sentencing Guidelines provides:  "If the offense involved an organized scheme to steal or to receive stolen (A) vehicles or vehicle parts; or (B) goods or chattels that are part of a cargo shipment, increase by 2 levels."  § 2B1.1(b)(13).  Application note 10 to § 2B1.1(b)(13) states that "[s]ubsection (b)(13) provides a minimum offense level in the case of an ongoing, sophisticated operation (e.g., an auto theft ring or "chop shop") to steal or to receive stolen (A) vehicles or vehicle parts.  § 2B1.1, comment. (n.10).  An "offense" includes "the offense of conviction and all relevant conduct under §

2

1B1.3." U.S.S.G. §1B1.1 comment. (n.1(H)). This includes "all acts and omissions committed, aided, . . . or willfully caused by the defendant." U.S.S.G. § 1B1.3(a)(1)(A). A sentencing court can rely on relevant acquitted or uncharged conduct that is proved by a preponderance of evidence. *See United States v. Faust*, 456 F.3d 1342, 1347-48 (11th Cir. 2006) (acquitted conduct); *United States v. Ignancio Munio*, 909 F.2d 436, 438-39 (11th Cir. 1990) (uncharged conduct).

Based on our review of the record, we conclude that the district court did not clearly err in imposing an enhancement pursuant to § 2B1.1(b)(13). The record supports the finding that McLeod was involved in stealing a vehicle, in the submission of falsified title applications, and in the subsequent registration and insuring of multiple stolen vehicles. Accordingly, we affirm McLeod's sentence.

**AFFIRMED.**