[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10847
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cr-60211-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SPENCER ROZIER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 5, 2019)

Before MARCUS, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Spencer Rozier appeals his conviction, after a jury trial, for possession of a

controlled substance with intent to distribute within 1,000 feet of a public school in

violation of 21 U.S.C. §§ 841(a)(1) and 860(a).  He argues the government

presented insufficient evidence that he constructively possessed the controlled substances.  After careful review, we conclude this argument is without merit and affirm.

## I.

We review de novo challenges to the sufficiency of the evidence, examining the evidence in the light most favorable to the government.  United States v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005) (per curiam).  We must make all reasonable inferences and credibility choices in favor of the government and the jury's verdict.  Id.  If a reasonable juror could find Rozier guilty beyond a reasonable doubt under a reasonable construction of the evidence, we must affirm his conviction.  Id.; see also United States v. Faust, 456 F.3d 1342, 1345 (11th Cir. 2006).  "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt." Id. (quotation marks omitted).

These standards apply equally to cases built on circumstantial evidence. United States v. Lyons, 53 F.3d 1198, 1202 (11th Cir. 1995).  However, "when the government relies on circumstantial evidence, reasonable inferences, not mere speculation, must support the conviction."  United States v. Friske, 640 F.3d 1288, 1291 (11th Cir. 2011) (alteration adopted and quotation marks omitted).  "If the evidence viewed in the light most favorable to the prosecution gives equal or

2

nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged, then a reasonable jury must necessarily entertain a reasonable doubt." United States v. Louis, 861 F.3d 1330, 1333 (11th Cir. 2017) (alteration adopted and quotation marks omitted).

## II.

To sustain a conviction under § 841, "the government must prove (1) knowing (2) possession of a controlled substance (3) with intent to distribute it." United States v. Figueroa, 720 F.2d 1239, 1244 (11th Cir. 1983). "Possession may be actual or constructive, and the latter can be established by evidence showing ownership, dominion, or control over the contraband itself or the premises on which it is concealed." United States v. Montes-Cardenas, 746 F.2d 771, 778 (11th Cir. 1984). As such, it "implies a requirement of knowledge or an awareness of the object possessed." United States v. Oscar, 877 F.3d 1270, 1280 (11th Cir. 2017) (quotation marks omitted); see also United States v. Derose, 74 F.3d 1177, 1185 (11th Cir. 1996). "Constructive possession . . . can be established by circumstantial or direct evidence." Montes-Cardenas, 746 F.2d at 778.

The government built its case on circumstantial evidence. Viewed in the light most favorable to the government, that evidence sufficed to prove constructive possession.

Law enforcement recovered the drugs at issue—crack-cocaine, powder cocaine, and marijuana—by searching a private unit in a personal storage facility. At the time the drugs were recovered, Rozier had been the sole lessee of the unit for eleven months. His lease did not authorize anyone else to access it. Rozier secured the unit with a padlock requiring a key, so law enforcement had to cut the lock to get inside. Beyond that, a manager of the storage facility personally saw Rozier visit a few times each month. The manager saw him visit alone about half of the time, carrying cases of beer, soda cans, and water jugs into the unit. The rest of the time, she saw him visit with others, who sometimes carried boxes of beverages as well. Also, Rozier entered the storage facility the evening before law enforcement recovered the narcotics inside it.

Taken together, this evidence of Rozier's interactions with the storage unit "would allow a reasonable jury to find that [he] exercised dominion and control of [it]." See, e.g., United States v. Morales, 868 F.2d 1562, 1564–66, 1573 (11th Cir. 1989) (holding that a reasonable jury could find the defendant exercised dominion and control over a residence and contraband within it where the government produced a copy of the lease, which listed the defendant as a resident and was signed by him; a utility statement listing the defendant as the customer; and two rent receipts bearing the defendant's name dated six days before the contraband was recovered). The fact that others may have accessed Rozier's unit does not

negate this conclusion.  See Montes-Cardenas, 746 F.2d at 778 ("Constructive possession may be shared with others.").

A jury could also reasonably infer Rozier knew narcotics were in his storage unit.  After clipping the unit's lock and opening the door, law enforcement "immediately smelled the odor of marijuana emanating from within" the unit.  Also upon opening the door, law enforcement saw in plain view cocaine in a transparent plastic container, a digital scale, baggies used for packaging narcotics, and a bag of marijuana protruding out of a bucket.  The unit was relatively small— five feet wide, six feet high, and eight feet deep—so the jury could infer that Rozier likely saw the drugs when he visited the prior evening.  And when law enforcement arrested Rozier during a traffic stop a month after searching his storage unit, officers recovered baggies in the bed of his pickup truck—this time containing marijuana—that resembled the baggies found in his storage unit.  Viewed together with evidence of Rozier's control of the unit and his two prior convictions for cocaine trafficking and marijuana possession, this evidence could support a reasonable inference that Rozier knew there were narcotics inside of his storage unit.  See United States v. Barron-Soto, 820 F.3d 409, 419 (11th Cir. 2016) (holding that the jury may weigh a prior conviction for drug trafficking "against any inference that [the defendant] had no knowledge of the drugs in his car"); United States v. Wilson, 183 F.3d 1291, 1300 (11th Cir. 1999) (observing

that the viewability of contraband is relevant to assessing knowledge of its presence).

Rozier's argument that the evidence equally supports a theory of guilt and theory of innocence does not carry the day. It is true that some evidence of record could support a theory of Rozier's innocence. Fingerprints lifted from containers holding narcotics found in the storage unit, including paint cans, were not Rozier's. Rozier's DNA could not be conclusively linked to DNA removed from the storage unit. The government presented only three surveillance videos from the storage facility, none of which showed Rozier carrying the containers law enforcement later found containing narcotics. A month after Rozier was detained on the charges underlying this case, law enforcement arrested his son, Andrew, for possession with intent to deliver marijuana. Officers found 145 bags of marijuana, 65 bags powder cocaine, a container of crack-cocaine, a scale, and a paint can containing marijuana in the home Rozier and Andrew shared. But law enforcement did not check to see if Andrew could be seen on the storage facility's surveillance footage. Neither did law enforcement check to see if Andrew's fingerprints or DNA were on the narcotics or narcotic containers found in the storage unit.

Yet we do not agree with Rozier that the evidence, viewed in the light most favorable to the prosecution, equally supports the conclusion that Andrew had been

using the storage unit to stash and sell narcotics without Rozier's knowledge.  Cf.

Louis, 861 F.3d at 1333, 1334–35 (reversing § 841 conviction where no evidence

showed that the appellant knew that sealed boxes placed in his car by his boss

contained narcotics).  Considering the evidence of Rozier's control of the unit and

his knowledge of the presence of narcotics in it, a reasonable juror could find that

Rozier constructively possessed the narcotics in the unit, even if he shared that

possession with Andrew.  See Montes-Cardenas, 746 F.2d at 778.  This is so even

if the government's evidence did not "exclude every reasonable hypothesis of

[Rozier's] innocence or [was not] wholly inconsistent with every conclusion

except that of guilt."  Faust, 456 F.3d at 1345.

    **AFFIRMED.**