[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11138

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

EDWIN GIOVANNY MENDOZA-VERDUGO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 1:22-cr-00012-AW-GRJ-2

_____

Before WILSON, JORDAN, and LAGOA, Circuit Judges.

PER CURIAM:

Edwin Giovanny Mendoza-Verdugo appeals his total sentence of 132 months' imprisonment for conspiracy to distribute or possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  He argues that the district court violated his Fifth and Sixth Amendment rights by considering (and making findings about) conduct for which he was acquitted (a drug amount) in calculating his guideline range.  He does not, however, challenge as clearly erroneous the district court's drug quantity finding.

**I**

We review constitutional challenges to a sentence *de novo*. *See United States v. Hall*, 965 F.3d 1281, 1293 (11th Cir. 2020).  Issues not raised in the initial brief on appeal are deemed abandoned. *United States v. Campbell*, 26 F.4th 860, 871 (11th Cir. 2022) (en banc). *See also United States v. Corbett*, 921 F.3d 1032, 1043 (11th Cir. 2019) (stating that an appellant abandons an issue on appeal "when []he makes only passing references to it that are background to other arguments or [are] buried within other arguments, or both") (quotation marks omitted).  We are "bound to follow a prior panel's holding unless and until it is overruled or undermined to the point of abrogation by an opinion of the Supreme Court or of this Court sitting en banc." *United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019).

## II

In calculating a defendant's guideline range, a district court may consider acquitted conduct that is proven by a preponderance of the evidence. *See United States v. Watts*, 519 U.S. 148, 155-57 (1997); *United States v. Faust*, 456 F.3d 1342, 1347 (11th Cir. 2006). A district court's consideration of acquitted conduct proven by a preponderance of the evidence does not violate due process, so long as the sentence imposed does not exceed the statutory maximum for the crime of conviction. *See Watts*, 519 U.S. at 155-157.

This principle applies where the district court calculates a defendant's guideline range based on drug weight for which the defendant was acquitted by a jury but was proven by a preponderance of the evidence at sentencing. *See United States v. Smith*, 741 F.3d 1211, 1226-27 (11th Cir. 2013). And it applies where a district court considers factual allegations or evidence outside of the jury's special verdict. *See United States v. Duncan*, 400 F.3d 1297, 1304 (11th Cir. 2005) (ruling that it was not plain error for the sentencing court to consider evidence of the defendant's connection to an amount of cocaine beyond the five kilograms for which the jury found him responsible via special verdict). The reason is that a jury's verdict and a district court's factual determinations at sentencing employ different standards of proof. *See United States v. Bradley*, 644 F.3d 1213, 1298 (11th Cir. 2011) ("There is nothing inconsistent with a jury verdict to the effect that the Government had not proven certain acts beyond a reasonable doubt and a judicial finding that the Government had proven those acts by a preponderance of the evidence.").

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a

reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). *See also Jones v. United States*, 526 U.S. 227, 251-52 (1999) (ruling that each element of a crime must be "charged by indictment, proven beyond a reasonable doubt, and submitted to a jury for its verdict"). In *United States v. Booker*, 543 U.S. 220, 244 (2005), the Supreme Court reaffirmed its holding from *Apprendi* that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." In doing so, it determined that the Sentencing Reform Act of 1984 was unconstitutional "insofar as the guidelines were mandatory and to the extent that they allowed the upper limits of the sentence to depend on facts that had not been established by a plea of guilty or proven to a jury beyond a reasonable doubt." *United States v. Irey*, 612 F.3d 1160, 1183 (11th Cir. 2010) (en banc) (citing *Booker*, 543 U.S. at 244).

We have "repeatedly stated that sentencing courts may find by a preponderance of the evidence all facts relevant to imposing a sentence below the statutory maximum." *Smith*, 741 F.3d at 1227. Moreover, "*Booker* does not suggest that the consideration of acquitted conduct violates the Sixth Amendment as long as the judge does not impose a sentence that exceeds what is authorized by the jury verdict." *Duncan*, 400 F.3d at 1304.

### III

As a preliminary matter, Mr. Mendoza-Verdugo has abandoned any issue other than his constitutional challenge to the district court's consideration of acquitted drug weight in calculating his guideline range, which is reviewed *de novo*. Though his initial brief references substantive and procedural reasonableness claims,

this reference is minor and background to his constitutional challenge, and it is thus abandoned.

We are bound by the decision of the Supreme Court in *Watts*, which allows for the consideration of a defendant's acquitted conduct at sentencing. We are also bound by our own precedent, which holds that a district court may find that a particular fact was proven by a preponderance of the evidence despite a special verdict finding that the same fact was not proven beyond a reasonable doubt.

Contrary to Mr. Mendoza-Verdugo's contention, *Apprendi* and *Jones* do not abrogate *Watts*, because those cases allow a court to make factual findings relevant to sentencing by a preponderance of the evidence, so long as those findings do not result in a sentence beyond the statutory maximum set by the jury's verdict. Indeed, we have applied *Watts* to judicial findings about drug weight after *Apprendi* and *Jones*. *See Smith*, 741 F.3d at 1226-27.

Here the district court's consideration (and finding) of acquitted drug weight affected Mr. Mendoza-Verdugo's guideline range, but not the statutory maximum fixed by the counts of conviction. Mr. Mendoza-Verdugo was ultimately sentenced to a term of 132 months, well below the statutory maximum of 40 years stemming from the jury's guilty verdicts.

## IV

We affirm Mr. Mendoza-Verdugo's sentence.

**AFFIRMED.**