[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 30, 2011
JOHN LEY
CLERK

No. 10-12870
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00071-RAL-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIX JOSE LUGO-GUTIERREZ,
a.k.a. Jose Lugo-Gutierrez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 30, 2011)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Felix Jose Lugo-Gutierrez appeals his 36-month sentence, imposed above his applicable guidelines range, after he pleaded guilty to a violation of 8 U.S.C. § 1326(a) and (b)(1) for being an unlawful alien found in the United States after deportation for a felony offense. On appeal, Lugo-Gutierrez argues that his sentence was procedurally and substantively unreasonable because the court failed to adequately explain its reasons for imposing an upward variance.

We review a final sentence for reasonableness, applying the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). Under the abuse-of-discretion standard, we will not reverse a district court so long as the district court's ruling "does not constitute a clear error of judgment." *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (quotations omitted). Whether a sentence is reasonable is guided by the factors outlined by Congress in 18 U.S.C. § 3553(a). *United States v. Pugh*, 515 F.3d 1179, 1188-89 (11th Cir. 2008). The factors included in 18 U.S.C. § 3553(a) are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range;

(8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (per curiam) (citing 18 U.S.C. § 3553(a)). The burden of establishing that a sentence is unreasonable lies with the party challenging the sentence. *Pugh,* 515 F.3d at 1189.

In determining whether a sentence is reasonable, we first must determine whether the sentence was procedurally reasonable. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Factors we must consider in determining procedural reasonableness include whether the district court properly calculated the guidelines range, improperly treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain its chosen sentence. *Id.* After determining that the sentence is procedurally reasonable, we then must consider the substantive reasonableness of the sentence. *Id.* A sentence is substantively reasonable if, under the totality of the circumstances, it achieves the purposes of § 3553(a). *See Pugh*, 515 F.3d at 1191. A sentence may be substantively unreasonable where a district court "unjustifiably relied on any one § 3553(a) factor, failed to consider pertinent § 3553(a) factors, selected the sentence arbitrarily, or based the sentence on

impermissible factors." *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).

When a district court decides that a variance is appropriate, "it should explain why that variance is appropriate in a particular case with sufficient justifications." *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir.) (quotation omitted), *cert. denied*, 129 S. Ct. 2847 (2009); *see also* 18 U.S.C. § 3553(c)(2) (providing that a sentencing court, when imposing a sentence outside the applicable guidelines range, must state in open court the reasons for its imposition of the chosen sentence and the specific reason for the variance). "The justifications must be compelling enough to support the degree of the variance and complete enough to allow meaningful appellate review." *Shaw*, 560 F.3d at 1238 (quotations omitted). The district court need not, however, provide an extraordinary justification for a sentence outside the guidelines range. *Id.* Although we may consider the extent of the deviation, we must "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (per curiam) (citation omitted).

In determining a reasonable sentence, the district court may consider facts that already have been taken into account in calculating the defendant's guidelines

range. *See id.* at 1323–24 (providing that a district court could consider a defendant's prior offenses in deciding to impose an upward variance, even though those offenses already were included in the defendant's criminal history score); *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). In fashioning a reasonable sentence, a district court "may . . . consider relevant facts concerning a defendant's background, character, and conduct." *United States v. Faust*, 456 F.3d 1342, 1348 (11th Cir. 2006) (quotation omitted).

The district court followed the proper procedures in determining Lugo-Gutierrez's sentence and adequately explained why it believed that a sentence within the guidelines range would not satisfy the § 3553(a) factors. Thus, his sentence is procedurally reasonable. Lugo-Gutierrez's 36-month sentence is also substantively reasonable because the sentencing court did not abuse its discretion in determining that an upward variance was necessary to serve the purposes of § 3553(a). Accordingly, we affirm the district court's imposition of a 36-month sentence.

Lugo-Gutierrez's indictment and judgment erroneously state that he was deported for an aggravated felony, rather than a felony, although they correctly reference the penalty provision for deportation following a felony conviction, 8 U.S.C. § 1326(b)(1). The parties did not raise this issue on appeal, but we may remand with instructions to correct a clerical error in the judgment. *United States v. Massey*, 443 F.3d 814, 822 (11th Cir. 2006). "Furthermore, it is fundamental error for a court to enter a judgment of conviction against a defendant who has not been charged, tried, or found guilty of the crime recited in the judgment." *Id.* (citation and quotations omitted).

Because the written judgment incorrectly states that Lugo-Gutierrez was convicted for an aggravated felony, rather than a felony, we remand for correction of that clerical error.

Upon a thorough review of the entire record on appeal, and after consideration of the parties' briefs, we affirm in part and remand in part.

**AFFIRMED IN PART, REMANDED IN PART.**