[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15661
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cr-00263-SDM-TGW-1


KENTON D. PURVIS,

Defendant-Appellant,

versus

UNITED STATES OF AMERICA,

Plaintiff-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 14, 2015)


Before MARCUS, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Kenton Purvis appeals his 24-month sentence, imposed for violating conditions of his supervised release.  Purvis raises three issues on appeal, which we address in turn.  After review, we affirm Purvis's sentence.

## I.  DISCUSSION

As the parties are familiar with the facts of this case, we will not recount them in detail.  We include only those facts necessary to the discussion of each issue.

### A.  *Felon in possession of firearm charge*

Purvis first asserts the district court committed plain error by considering that he was originally indicted for, but not convicted of, a charge of being a felon in possession of a firearm in its imposition of sentence.

Where, as here, a defendant does not raise an objection to the district court's consideration of an impermissible factor at the time of sentencing, this Court reviews for plain error.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  Plain error occurs when there is (1) an error, (2) that is plain, (3) that affect substantial rights, and (4) that error seriously affects the fairness or integrity of judicial proceedings.  *United States v. McNair*, 605 F.3d 1152, 1222 (11th Cir. 2010).  "A substantial right is affected if the appealing party can show that there is a reasonable probability that there would have been a different result had there been no error."  *United States v. Bennett*, 472 F.3d 825, 831-32 (11th Cir. 2006).

2

The district court is free to consider any information relevant to a defendant's "background, character, and conduct" in imposing an upward variance. *United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010) (holding it was proper for the district court to take into account a withheld adjudication in imposing an upward variance because it was relevant to the defendant's background, character, and conduct). However, the district court may take uncharged or acquitted conduct into account in sentencing only if such conduct is proven by a preponderance of the evidence. *United States v. Faust*, 456 F.3d 1342, 1347-48 (11th Cir. 2006).

The district court did not commit plain error. Although the district court did not make a finding the prior charge was proven, there was no substantial rights violation because Purvis admitted facts establishing his guilt as to that prior charge. His plea agreement included his admission the police recovered a firearm from him when he was arrested following a controlled drug buy. In addition, the presentence investigation report (PSI), to which he did not object, stated he was a felon and possessed a firearm while his rights had not been restored. *See Bennett*, 472 F.3d at 832 ("A sentencing court's findings of fact may be based on undisputed statements in the PSI."); *United States v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006) (stating a defendant who does not object to the facts in the PSI is deemed to have admitted them for sentencing purposes). As a result, Purvis cannot establish plain error.

*B. Need for rehabilitation*

Next, Purvis contends the district court abused its discretion by improperly considering his welfare and rehabilitation when imposing its sentence of imprisonment. He explains the district court stated it sentenced Purvis based on the need to "protect him from himself" and "give him the maximum time available to regain his sobriety."

As an initial matter, Purvis failed to preserve this argument before the district court because he did not inform the district court of the legal basis he now argues. "[F]or a defendant to preserve an objection to her sentence for appeal, she must raise that point in such clear and simple language that the trial court may not misunderstand it. When the statement is not clear enough to inform the district court of the legal basis for the objection, we have held that the objection is not properly preserved." *United States v. Massey*, 443 F.3d 814, 819 (11th Cir. 2006) (quotation and citation omitted). We applied plain error review in *Vandergrift*, where the appellant argued on appeal that the district court improperly considered rehabilitation in sentencing him to imprisonment, but did not do so before the district court. 754 F.3d at 1307, 1309-1312.

In *Tapia v. United States*, 131 S. Ct. 2382, 2391 (2011), the Supreme Court held a sentencing court may not impose or lengthen a prison term in order to promote an offender's rehabilitation. In *Vandergrift*, we extended *Tapia*'s holding

4

to a term of imprisonment imposed after the revocation of supervised release. *Vandergrift*, 754 F.3d at 1309.

In *Vandergrift*, the defendant served a prison sentence for possession and distribution of child pornography. *Id*. at 1305. His supervised release was later revoked and the district court sentenced him to 24 months' imprisonment. *Id.* at 1306. We determined the district court erred in considering rehabilitation when it imposed Vandergrift's sentence and assumed for the sake of analysis the error was plain. *Id*. at 1310-12. Nevertheless, we affirmed because Vandergrift had failed to prove the third prong of the plain error test—the error affected his substantial rights. *See id*. at 1312. Specifically, Vandergrift failed to show his sentence would have been different, because the sentencing transcript reflected that his rehabilitative needs constituted only a minor portion of the district court's reasoning. *Id*. We explained, "[t]he [district] court's primary considerations were for the safety of the public and deterring others from similar conduct." *Id*.

We will assume without deciding that the district court committed error that is plain by considering rehabilitation in imposing Purvis's sentence. However, Purvis has not established this error affected his substantial rights by showing a reasonable probability he may have received a lower sentence but for the district court's error. Like the court in *Vandergrift*, the district court considered rehabilitation in imposing a sentence of imprisonment, but this consideration only

reflected a minor portion of the court's reasoning.  The district court primarily focused on the seriousness and continuing nature of Purvis's violations, public safety, and the need to deter him from further criminal activity.  Therefore, Purvis cannot establish plain error.

*C.  Substantive reasonableness*

Purvis argues his 24-month sentence is substantively unreasonable.   We review the reasonableness of a sentence using a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).

If a defendant violated a condition of supervised release, the district court may, after considering certain factors set forth in § 3553(a), revoke the supervised release, and impose a term of imprisonment on the defendant for the offense that resulted in the term of supervised release.  18 U.S.C. § 3583(e)(3).  These factors include the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  18 U.S.C. § 3553(a)(1), (a)(2)(B)-(C), (a)(4)-(7).

The district court did not abuse its discretion in sentencing Purvis to an above-the-guidelines, statutory maximum sentence of 24 months' imprisonment. While Purvis received a sentence at the statutory maximum, well above the top-end of the advisory guidelines range of 8 to 14 months, above-guidelines sentences do not result in a presumption of unreasonableness. *See Gall*, 552 U.S. at 47. While the district court must have a justification compelling enough for an upward variance to the statutory maximum, "we will vacate such a sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012). Here, the district court presented a justification compelling enough for an upward variance to the statutory maximum.

It is uncontested the district court adjudicated Purvis in violation of his supervised release based on six violations. Despite receiving a continuance of his initial revocation hearing with a warning he would go to prison if he committed another violation, Purvis not only continued to violate his supervised release, but committed one of the same violations as he did earlier (testing positive for marijuana). Furthermore, several of the later violations were of a serious nature, including fleeing from the police, which placed the police officers and bystanders

7

in danger.  Purvis's sentence reflected the nature and circumstance of the offense, the need to protect the public from his actions, and the need to deter him from further criminal activity after his repeated violations of supervised release.  *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(C).  As a result, Purvis's sentence is not a clear error of judgment and not outside the range of reasonable sentences in light of the totality of the circumstances and § 3553(a) factors. *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (explaining a district court abuses its discretion and imposes a substantively unreasonable sentence when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors).  Purvis's sentence is substantively reasonable.

## II. CONCLUSION

Accordingly, Purvis's sentence is **AFFIRMED.**