[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15327
Non-Argument Calendar
_____

D.C. Docket No. 7:14-cr-00201-LSC-HGD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES TRISTAN BOSTIC,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 21, 2015)

Before MARCUS, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

James Tristan Bostic appeals his 120-month sentence imposed after he

pleaded guilty to one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).  On appeal, Bostic argues his sentence—120 months, 74 months above the Guidelines range maximum—was procedurally and substantively unreasonable.  In particular, he argues that the district court gave improper weight to testimony regarding a pending state criminal charge and created a sentencing disparity with similarly situated defendants.  After careful consideration, we affirm.

We review the reasonableness of a sentence for an abuse of discretion.  Gall v. United States, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007).  A sentence must be both procedurally and substantively reasonable.  United States v. Rodriguez, 628 F.3d 1258, 1264 (11th Cir. 2010).  The party challenging the sentence bears the burden of showing it is unreasonable in light of the record and the § 3553(a) factors.  United States v. Valnor, 451 F.3d 744, 750 (11th Cir. 2006).

Bostic's sentence was not procedurally unreasonable.  A sentence is procedurally unreasonable if the district court erred in calculating the Guidelines range; treated the Guidelines as mandatory; failed to consider the 18 U.S.C. § 3553(a) factors; selected a sentence based on clearly erroneous facts; or failed to adequately explain the sentence, including any deviation from the Guidelines range.  Rodriguez, 628 F.3d at 1264.  Bostic argues that the district court committed procedural error by failing to explicitly address potential sentencing

2

disparities between Bostic and similarly situated defendants.  However, "the district court does not need to discuss or state each factor explicitly."  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).  Beyond that, in Gall, the Supreme Court made clear that

> avoidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Guidelines ranges.  Since the District Judge correctly calculated and carefully reviewed the Guidelines range, he necessarily gave significant weight and consideration to the need to avoid unwarranted disparities.

552 U.S. at 54, 128 S. Ct. at 599.  Likewise here, because the district court correctly calculated and considered the Guidelines range, it necessarily considered the need to avoid unwarranted sentencing disparities.  There was no procedural error.

Neither was Bostic's sentence substantively unreasonable.  The substantive reasonableness of a sentence is determined in light of the totality of the circumstances.  Id. at 51, 128 S. Ct. at 597.  We will not vacate a sentence as substantively unreasonable unless we are left with "the definite and firm conviction" that the district court clearly erred in weighing the § 3553(a) factors and issued a sentence outside the range of reasonable sentences.  Rodriguez, 628 F.3d at 1264–65 (quotation omitted).  The district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense,

promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct.  In imposing a particular sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  § 3553(a)(1), (3)–(7).

Where, as here, the district court imposes a sentence outside the Guidelines range, it must explain why the variance is appropriate.  The "justification for the variance must be sufficiently compelling to support the degree of the variance." United States v. Irey, 612 F.3d 1160, 1186–87 (11th Cir. 2010) (en banc) (quotation omitted).  A major deviation from the Guidelines should be supported by a more significant justification than a minor deviation.  Gall, 552 U.S. at 50, 128 S. Ct. at 597.

Here, the district court sentenced Bostic to the statutory maximum—120 months in prison—despite a Guidelines range of 37 to 46 months, and the government's recommendation of a within-Guidelines sentence.  However, at sentencing, the court heard substantial testimony about Bostic's involvement in a violent crime that had been committed within 24 hours of his arrest on the felon-in-

4

possession charge.[1]  The court then discussed at length why a 120-month sentence was appropriate under the circumstances:

> This court does not believe that a Guideline sentence is appropriate in this particular instance.  Specifically, the court finds that the defendant's conduct, particularly with regard to his use of the firearm and maybe even the firearm that he was caught with in this case but certainly a firearm in beating, pistol whipping one of the victims in the home in Northport within 24 hours of the occasion when his firearm was taken from him at the motel and then he ran from the police. . . .
>
> I order you . . . to be imprisoned for 120 months, which is my understanding [of] the maximum sentence that I can give on this particular charge.  I believe that is appropriate when I consider the need to reflect the seriousness of the offense and promote respect for the law and to provide just punishment for the offense as well as the nature and circumstances and history and characteristics of this defendant, particularly the characteristic of his violent propensity and nature in his committing a violent offense with a firearm within 24 hours . . . of this particular offense.  And also there is a need to protect the public from further crimes of the defendant.

The district court did not abuse its discretion when it sentenced the defendant above the Guidelines range based on its assessment of the need to protect the public, deter criminal conduct, and promote respect for the law.

**AFFIRMED.**

---

[1] Although Bostic had not been convicted of that crime at the time of his sentencing—the charges were only pending—the district court could still consider evidence of it.  In fact, courts can even consider "relevant acquitted conduct," proved by a preponderance of the evidence at sentencing, so long as the sentence does not exceed what is authorized by the jury verdict. United States v. Faust, 456 F.3d 1342, 1348 (11th Cir. 2006).  Beyond that, Bostic argues that the court incorrectly referred to his crime as a "robbery," not a "burglary."  But since the court made its determination based on the facts of the crime, not its legal classification, this argument does not affect the outcome.