[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15190
Non-Argument Calendar

_____

D.C. Docket No. 6:15-cr-00086-CEM-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAY PAUL PORTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 8, 2016)

Before HULL, MARCUS, and MARTIN, Circuit Judges.

PER CURIAM:

Jay Porton was convicted of simple assault against a federal law

enforcement officer and sentenced to a year in prison plus a year of supervised

release.   The district court added two special conditions to Porton's supervised

release: abstinence from alcohol and participation in a substance abuse program. Porton argues that his prison sentence was substantively unreasonable and that the sentencing judge abused his discretion in setting those special conditions.   We affirm the district court.

## I.

Porton first argues that his sentence was substantively unreasonable.  We review criminal sentences for abuse of discretion.  United States v. Irey, 612 F.3d 1160, 1188 (11th Cir. 2010) (en banc).  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  Id. at 1189 (quotation omitted).   "The party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the factors in section 3553(a)."  United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (quotation omitted and alterations adopted).   Also, the district court doesn't need to discuss each § 3553(a) factor explicitly; an acknowledgment that the court considered the defendant's arguments and the § 3553(a) factors can suffice.  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).  The weight to be accorded any one § 3553(a) factor is a matter

2

committed to the sound discretion of the district court.  United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007).

Porton's one-year sentence was the maximum sentence for his crime, which also would have allowed a sentence of no prison time.  See 18 U.S.C. § 111(a).  He claims the judge gave him that sentence based on two improper factors: (1) Porton's conduct related to an unrelated civil lawsuit, and (2) the fact that Porton was acquitted of a more serious charge.  For that first claim, the record does not show that the conduct surrounding Porton's civil lawsuit was irrelevant to this case.   Porton was convicted of assault for threatening a court security officer with a baseball bat.  The evidence at trial showed that this assault was related to a civil lawsuit Porton had filed in the court where the security officer worked.   Porton had also made harassing phone calls to a magistrate judge's deputy clerk in the same court.  Because Porton's civil lawsuit was connected to his crime, the district court acted within its discretion in concluding that the facts surrounding that lawsuit were related to "the nature and circumstances of the offense."  Id. § 3553(a)(1).

As for Porton's claim about acquitted conduct, Porton was acquitted of forcible assault with a deadly weapon.  He argues that the judge increased his sentence based on that acquitted conduct.  Porton's argument here is based on this statement that the judge made:

> I think when you're serving the time that you're going to be serving, you should be very grateful to your attorney, who did an excellent job defending you, because the jury, whose decision I stand entirely behind and would under no circumstances criticize[] could have reasonably come to a different conclusion that would have resulted in your spending a lot more time behind bars, and they certainly would have been justified in doing so.

As an initial matter, this statement shows that the judge believed the jury spared Porton from a more serious conviction. The statement does not establish that the judge chose a higher sentence on the basis of his view that Porton committed a more serious crime. But even if the judge *did* sentence Porton based on his view that Porton committed a more serious crime, federal judges may set sentences based on any fact that the government proved by a preponderance of evidence, even if a jury did not find the same facts. See United States v. Faust, 456 F.3d 1342, 1348 (11th Cir. 2006). The judge's comment that a jury "reasonably" could have convicted Porton of forcible assault with a deadly weapon and "certainly would have been justified in doing so" indicates that the judge believed that the government proved that conduct by a preponderance of the evidence. That being the case, the judge was allowed to consider the conduct in setting Porton's sentence. Porton has not shown that his sentence is substantively unreasonable.

## II.

Porton also argues that the sentencing judge abused his discretion when he ordered Porton to participate in a substance abuse program and stop drinking

4

alcohol during his year of supervised release.   We review terms of supervised release for abuse of discretion.  United States v. Zinn, 321 F.3d 1084, 1087 (11th Cir. 2003).  Special conditions must be: (1) reasonably related to one of the factors set forth in § 3553(a)(1), (a)(2)(B)–(D); (2) no greater a deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a)(2)(B)–(D); and (3) consistent with policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a).  18 U.S.C. § 3583(d).

The district court did not abuse its discretion in imposing the special conditions.  Under §§ 3553(a)(1) and 3583(d), the district court was required to consider Porton's criminal history, which included several alcohol and drug-related crimes.  The Sentencing Guidelines recommend that a condition requiring the defendant to participate in a substance abuse program if a judge has reason to believe that the defendant abuses alcohol.  USSG § 5D1.3(d)(4).  Porton's criminal history gave the district court reason to believe that Porton abused alcohol and that participation in a substance abuse program could help "provide the defendant with needed . . . medical care[] or other correctional treatment" and also help "protect the public  from further crimes of the defendant."  18 U.S.C. § 3553(a)(2)(C)–(D).

**AFFIRMED.**

5