[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13899
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20250-DPG-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DEMETRIUS ALLEN MCDUFFIE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 19, 2017)

Before JORDAN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Demetrius McDuffie appeals his various federal convictions arising out of involvement with a low-level drug dealing operation.  *See* Jury Verdict, D.E. 147 (finding Mr. McDuffie guilty of conspiracy to possess with intent to distribute a controlled substance, 21 U.S.C. §§ 841 and 846; possession with intent to distribute a controlled substance, 21 U.S.C. § 841(a)(1); possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i); and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1)).

Mr. McDuffie raises four arguments for why his convictions should be reversed: (1) the district court erred in denying his motion to suppress drugs and guns found in the apartment where he was arrested; (2) insufficient evidence supported his convictions; (3) the district court erred by failing to give his proposed jury instruction concerning constructive possession of guns and drugs in in that same apartment; and (4) the district court abused its discretion by denying his post-verdict motion for a new trial.  Upon review, we conclude that the arguments lack merit, and affirm.

The first argument turns largely on whether Officer Terence White could see drugs and an assault rifle from the public hallway outside of the apartment where Mr. McDuffie was arrested.  Mr. McDuffie contends that Officer White pushed aside someone who was standing in the doorway of the apartment to see the drugs and assault rifle, and, therefore, the search warrant was predicated on an unlawful

observation. The argument, however, ignores the full record below and our standard of review on appeal. *See United States v. Delancy*, 502 F.3d 1297, 1313 n.10 (11th Cir. 2007) (clear error review of district court's factual findings, and de novo review of the court's application of our law to those facts). The district court found credible Officer White's testimony that he saw an assault rifle and drugs from the public hallway of the apartment prior to moving anyone in the doorway. And Mr. McDuffie cites no evidence or testimony that gives us a basis to disturb that factual finding. *See Unites States v. McPhee*, 336 F.3d 1269, 1275 (11th Cir. 2003) ("[W]e allot substantial deference to the factfinder, in this case, the district court, in reaching credibility determinations with respect to witness testimony.") (citation omitted).[1]

The second argument fails because there was sufficient evidence supporting Mr. McDuffie's convictions for conspiracy to distribute controlled substances, possession of a controlled substance with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon. *See United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009) ("We review de novo whether there is sufficient evidence in the record to support a jury's verdict in a criminal trial, viewing the evidence in the light most favorable to the government, and drawing all reasonable factual inferences in favor

---

[1] We reject Mr. McDuffie's argument that exigent circumstances did not exist.

of the jury's verdict.") (citation omitted).    At the time of the arrest, law enforcement officers observed drug dealing activity in the apartment complex where Mr. McDuffie was arrested.  They then found drugs (powder cocaine, crack cocaine, and heroin) in a fire-extinguisher box in the hallway of the apartment complex, and drugs and guns in the apartment to which Mr. McDuffie brought groceries and in which he was eventually arrested.  Later, upon executing a search warrant, officers discovered more drugs and Mr. McDuffie's personal items in one of the bedrooms of the apartment, including his wallet and Florida ID and a letter from the Social Security Administration addressed to him.  On top of this evidence, the government also called an expert who opined that the apartment was a drug "stash house."

This was enough to tie Mr. McDuffie to the apartment and to affirm the jury's verdicts on the narcotics counts.  *See, e.g.*, *United States v. Miranda*, 425 F.3d 953, 959 (11th Cir. 2005) ("[P]resence nonetheless is a probative factor which the jury may consider in determining whether a defendant was a knowing and intentional participant in a criminal scheme.").  The jury also reasonably concluded from the evidence—the assault rifle and the handgun found in the apartment— that Mr. McDuffie was guilty of the substantive firearm charges.  *See United States v. Williams*, 731 F.3d 1222, 1232 (11th Cir. 2013) ("A firearm is possessed 'in furtherance of' a drug trafficking crime when 'the firearm helped, furthered,

promoted, or advanced the drug trafficking.'") (citation omitted); *United States v. Smith*, 591 F.2d 1105, 1107 (5th Cir. 1979) ("The law also recognizes that possession may be either actual or constructive.  The defendant had constructive possession if he had the intent and the power to exercise dominion and control over the weapons as charged.") (citations omitted); *United States v. Faust*, 456 F.3d 1342, 1345–46 (11th Cir. 2006) ("The government may prove constructive possession if it shows a defendant maintained dominion or control over the drugs or over the premises where the drugs are located.") (citation and quotation marks omitted).

The third argument misses the mark because the district court's instruction regarding the guns and drugs did not materially depart from the instruction Mr. McDuffie requested.  "We review the failure to give a requested jury instruction for abuse of discretion[.]"  *United States v. House*, 684 F.3d 1173, 1196 (11th Cir. 2012) (citation omitted).  A "district court's refusal to incorporate a requested jury instruction will be reversed only if the proffered instruction was substantially correct, the requested instruction was not addressed in charges actually given, and failure to give the instruction seriously impaired the defendant's ability to present an effective defense."  *United States v. Starrett*, 55 F.3d 1525, 1551 (11th Cir. 1995) (citation and quotation marks omitted).

Here, the court gave the following instruction regarding Mr. McDuffie's alleged involvement with the drug dealing scheme:

> Simply being present at the scene of an accident or merely associated with certain people and discussing common goals and interests does not establish proof of a conspiracy. Also, a person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.
>
> ***
>
> But finding that a defendant is criminally responsible for the acts of another person requires proof that the defendant intentionally associated with or participated in the crime, not just proof that the defendant was simply present at the scene of the crime or knew about it. In other words, you must find that - - you must find beyond a reasonable doubt that the defendant was a willful participant and not merely a knowing spectator.

D.E. 185 at 58. It instructed the jury regarding possession of the firearms as follows:

> To possess a firearm is to have a firearm on one's person or to transport or control a firearm in a way that makes it available for immediate use while committing the drug traffick[ing] crime.
>
> Possessing a firearm in furtherance of a crime means that the firearm helped, promoted or advanced the crime in some way[.]

*Id.* at 62, 60. And it explained the concept of possession:

> The law recognizes several kinds of possession. A person may have actual possession, constructive possession, sole possession or joint possession. . . . Constructive possession of a thing occurs if a person does not have actual possession of it but has both the power and the intention to take control over it later.

6

*Id.* at 61.  These instructions did not materially differ from what Mr. McDuffie's counsel proposed:

> A defendant's mere presence in the area where controlled substances, firearms, or ammunition are found does not establish proof that the defendant himself possessed any of those things.  Also, a defendant's mere association with other people who possess controlled substance, firearms or ammunition, does not establish proof that the defendant himself possessed any of those things.
>
> Mere presence of a firearm in an area where a drug trafficking crime occurs is not sufficient to prove that the firearm was possessed in furtherance of that crime.

D.E. 126.  The district court therefore did not abuse its discretion by not giving the requested instruction.

Finally, while Mr. McDuffie argues that the district court also erred by denying his post-verdict motion for a new trial, he merely offers the same argument concerning the sufficiency of the evidence supporting his convictions. For the reasons already noted, sufficient evidence supported the jury's verdicts.

**AFFIRMED.**

7