[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12342
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cr-60236-WJZ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL OTIS GARRISON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 31, 2018)

Before TJOFLAT, MARCUS and NEWSOM, Circuit Judges.

PER CURIAM:

Daniel Otis Garrison, Jr. appeals his 64-month sentence imposed after a jury found him guilty of one count of possessing with intent to distribute cocaine weighing less than 500 grams in violation of 21 U.S.C. § 841. On appeal, Garrison

argues that: (1) the district court's sentence was procedurally unreasonable because the district court applied an incorrect base offense level based on the amount of cocaine at issue; and (2) the district court clearly erred in not giving him a two-level reduction in his guideline range for acceptance of responsibility. After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotation omitted). In determining procedural reasonableness, we review a district court's application of the Guidelines de novo and its factual findings for clear error. United States v. Barrington, 648 F.3d 1178, 1194-95 (11th Cir. 2011). We review the district court's denial of a reduction for acceptance of responsibility for clear error. United States v. Knight, 562 F.3d 1314, 1322 (11th Cir. 2009).

First, we are unpersuaded by Garrison's claim that his sentence is procedurally unreasonable. In reviewing sentences for procedural reasonableness, our task is to "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the

2

Guidelines range.'" Pugh, 515 F.3d at 1190 (quoting Gall v. United States, 552 U.S. 38, 51 (2007)). The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

The sentencing court's factual findings for purposes of sentencing may be based on evidence heard during trial, undisputed facts in the presentence investigation report ("PSI"), or evidence presented during the sentencing hearing. United States v. Polar, 369 F.3d 1248, 1255 (11th Cir. 2004). When a party objects to a fact in the PSI, the government must present reliable and specific evidence establishing the disputed fact by a preponderance of the evidence. United States v. Martinez, 584 F.3d 1022, 1027 (11th Cir. 2009). "Once the [g]overnment has presented proper evidence, the district court must either: (1) make an explicit factual finding as to the allegation; or (2) determine that no such finding is

necessary because the matter controverted will not be taken into account in sentencing the defendant." Id. (quotation omitted).

There is "[n]o limitation . . . on the information concerning the background, character, and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661; accord U.S.S.G. § 1B1.4. Thus, a district court may rely on conduct for which a defendant is not convicted in imposing a sentence, so long as the government proves the facts underlying the conduct by a preponderance of the evidence and the sentence imposed does not exceed the maximum sentence authorized. See United States v. Faust, 456 F.3d 1342, 1347–48 (11th Cir. 2006) (affirming a district court's enhancement of a defendant's offense level based on conduct for which the defendant was acquitted because the government proved the facts by a preponderance of the evidence and the sentence did not exceed the statutory maximum); see also U.S.S.G. § 1B1.4, comment. ("For example, if the defendant committed two robberies, but as part of a plea negotiation entered a guilty plea to only one, the robbery that was not taken into account by the guidelines would provide a reason for sentencing at the top of the guidelines range and may provide a reason for an upward departure.").

Here, the district court did not procedurally err in imposing Garrison's sentence. As the record reveals, the district court did not clearly err in finding by a

preponderance of the evidence that Garrison was responsible not only for the cocaine that was found on Garrison's person when he was arrested, but also for the cocaine found in the house of Garrison's co-defendant, Branden Stallman.  As for the cocaine found at Stallman's house, Garrison testified that the phone found on his person was not assigned the same number as the number that was used to arrange drug deals with Stallman.  However, the number used to arrange drug deals with Stallman was stored on Garrison's phone as "me."  Further, there was no explanation for how Garrison knew to show up at Stallman's house with the amount of cocaine agreed upon in the text exchanges if he had not been the one with whom Stallman was corresponding.  Thus, although the jury determined that the government had not proven beyond a reasonable doubt that Garrison was responsible for the conspiracy or for possessing more than 500 grams of cocaine, the evidence outlined above was more than sufficient for the district court to find that the government proved by a preponderance of the evidence that Garrison was responsible for a greater amount of cocaine than was reflected in the jury's verdict. As a result, the district court's factual finding was not clearly erroneous and the sentence was procedurally reasonable.

We also find no merit to Garrison's claim that the district court clearly erred by denying him a reduction for acceptance of responsibility.  The United States Sentencing Guidelines provides for a two-level reduction in a defendant's offense

5

level if the defendant "clearly demonstrates acceptance of responsibility for his offense. U.S.S.G. § 3E1.1(a). The commentary to that section of the Guidelines provides a list of non-exhaustive considerations for the district court to consider whether the defendant merits the reduction for acceptance of responsibility, which includes "truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." U.S.S.G. § 3E1.1, comment. n.1(A) (emphasis added). We give great deference to the district court's determination that a defendant has not accepted responsibility, and will not set aside that determination "unless the facts in the record clearly establish that the defendant has accepted responsibility." United States v. Moriarty, 429 F.3d 1012, 1022-23 (11th Cir. 2005).

In this case, the district court did not clearly err in denying Garrison a reduction for acceptance of responsibility. For starters, although Garrison admitted to the jury that he was responsible for the amount of cocaine he was arrested with, it is significant that he did not actually plead guilty to that offense, or provide probation with a statement that he accepted responsibility. Moreover, the district court found, by a preponderance of the evidence, that Garrison was accountable for additional relevant conduct for which Garrison continues to deny responsibility.

Based on these facts, we do not find that the district court clearly erred, or that the record clearly established that he accepted responsibility.  Accordingly, we affirm.

**AFFIRMED**.