[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13718
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-00372-RWS-JKL-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERICK POWELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 29, 2019)

Before MARTIN, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Erick Powell appeals his conviction -- and his resulting 24-month sentence -- for wire fraud, in violation of 18 U.S.C. §§ 2 and 1343. No reversible error has been shown; we affirm.

In August 2015, Powell and Ahmad McCormick started a business in Atlanta called National Vocation Group ("NVG"). NVG advertised purported job openings for high-paying housekeeping and maintenance positions on job recruiting websites, including Indeed.com. In reality, none of the advertised job openings existed. During telephone and in-person interviews with job applicants, Powell and NVG telemarketers represented falsely that federal law required Occupational Safety and Health Administration ("OSHA") training as a prerequisite to work in the advertised positions. Powell and McCormick charged applicants $349 for OSHA training. None of NVG's clients were hired for an advertised job opening.

A federal grand jury returned an indictment charging Powell and McCormick with conspiracy to commit wire fraud and with wire fraud. McCormick pleaded guilty; Powell proceeded to trial. The jury found Powell guilty of one count of wire fraud (Count Two) and acquitted him of the remaining

2

counts.  Count Two alleged that Powell -- aided and abetted by McCormick -- engaged in wire fraud by "communicating with Indeed.com for the purpose of creating an online advertisement for a 'Housekeeping Aide' position on or about August 20, 2015."

## I.

On appeal, Powell contends that the district court erred in denying his post-verdict motion for a judgment of acquittal, pursuant to Fed. R. Crim. P. 29(c). Powell contends that the government failed to prove beyond a reasonable doubt that Powell participated knowingly in the fraudulent scheme or that Powell intended to defraud the victims.

"We review de novo a district court's denial of judgment of acquittal on sufficiency of the evidence grounds." United States v. Rodriguez, 732 F.3d 1299, 1303 (11th Cir. 2013).  In determining the sufficiency of the evidence, "we consider the evidence in the light most favorable to the government, drawing all reasonable inferences and credibility choices in the government's favor." Id.  We cannot overturn a jury's verdict unless no "reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable

doubt." Id. Because the "jury is free to choose among reasonable constructions of the evidence," the government need not "disprove every reasonable hypothesis of innocence." United States v. Foster, 878 F.3d 1297, 1304 (11th Cir. 2018) (quotations omitted). "[W]hen the government relies on circumstantial evidence, the conviction must be supported by reasonable inferences, not mere speculation." Rodriguez, 732 F.3d at 1303.

To obtain a conviction for wire fraud, in violation of 18 U.S.C. § 1343, the government must prove beyond a reasonable doubt that the defendant "(1) participated in a scheme or artifice to defraud; (2) with the intent to defraud; and (3) used, or caused the use of, interstate wire transmissions for the purpose of executing the scheme or artifice to defraud." United States v. Machado, 886 F.3d 1070, 1082-83 (11th Cir. 2018). The defendant's intent to defraud may be inferred "from the defendant's conduct and circumstantial evidence." Id. at 1083.

A person who aids or abets the commission of an offense is punishable as a principal. 18 U.S.C. § 2. "[T]o prove that the defendant aided and abetted an offense, the government must establish that: (1) someone else committed the substantive offense, (2) the defendant committed an act that contributed to and furthered the offense; and (3) the defendant intended to aid in the commission of the offense." United States v. Cruickshank, 837 F.3d 1182, 1189 (11th Cir. 2016).

4

Viewed in the light most favorable to the government, the evidence presented at trial was sufficient to permit a reasonable factfinder to conclude beyond a reasonable doubt that Powell was guilty of wire fraud. McCormick testified that he and Powell planned to open a business in Atlanta "selling OSHA" by advertising fictitious job openings. McCormick testified that both he and Powell posted online advertisements for specific fictitious "open and available" positions. McCormick also testified that Powell allowed McCormick to use Powell's login credentials to post a fraudulent job advertisement on another job recruiting website on 19 August 2015: the day before the 20 August Indeed.com advertisement charged in Count Two. Although McCormick testified that he (not Powell) posted the 20 August advertisement, a factfinder could conclude reasonably that Powell knew about -- and allowed McCormick to use Powell's Indeed.com account to post -- the 20 August advertisement.

Sufficient circumstantial evidence also existed from which the jury could infer reasonably that Powell intended to defraud job applicants by representing falsely that jobs were available so that applicants would pay for OSHA training. Powell provided scripts to NVG's telemarketers to use when contacting job applicants. The scripts repeated falsely that NVG had open and available positions and also informed applicants that an OSHA license was a required prerequisite for

5

these positions.  Powell conducted in-person interviews, during which he told applicants that they were required to complete -- and to pay for -- OSHA training. All job applicants were offered a job, to come, unless they refused to pay for OSHA training.  Powell also directed telemarketers to end calls and to not follow-up with applicants who already had an OSHA license.  In addition, NVG's telemarketers were compensated based on the number of applicants who paid for OSHA training: not based on the number of job placements.  No job applicant was hired for an advertised position.

Because the evidence produced at trial was sufficient to allow the jury to find Powell guilty beyond a reasonable doubt, the district court committed no error in denying Powell's motion for a judgment of acquittal.  That the evidence might also support an alternative theory of innocence is not enough to warrant overturning the jury's verdict.  See Foster, 878 F.3d at 1304.

## II.

Powell also argues that the district court considered impermissibly conduct for which Powell was acquitted when the district court applied sentencing

enhancements based on the total financial loss and number of victims. As a result, Powell contends that his sentence violates the Fifth and Sixth Amendments.

Powell, however, makes no argument that the government failed to satisfy its burden of proving by a preponderance of the evidence the total financial loss calculation or the number of victims. In addition, Powell's 24-month sentence is well below the statutory maximum sentence of 240 months' imprisonment. Accordingly, we reject Powell's constitutional challenge to his sentence as foreclosed by this Court's binding precedent. See United States v. Maddox, 803 F.3d 1215, 1220 (11th Cir. 2015) (a sentencing court may consider conduct for which a defendant was acquitted if the government proves the fact by a preponderance of the evidence and the defendant is sentenced below the statutory maximum sentence); United States v. Faust, 456 F.3d 1342, 1347-48 (11th Cir. 2006) (same).

AFFIRMED.