[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10195

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LEMOND LAWRENCE BURNS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:21-cr-00222-LCB-HNJ-1

_____

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Lemond Burns appeals his sentence of 150 months' imprisonment for assault of a corrections officer with bodily injury, in violation of 18 U.S.C. §§ 111(a), (b) and 2, which was an upward variance from the advisory Guidelines range of 21 to 27 months. Burns asserts the district court's 150-month sentence was procedurally and substantively unreasonable because the district court afforded significant weight to improper factors, including Burns' uncharged criminal conduct and lack of remorse, and failed to afford significant consideration to Burns' limited criminal history and the nature and circumstances of his offense. After review,[1] we affirm the district court.

## I.  BACKGROUND

In a presentence investigation report (PSI), a probation officer reported that, on April 19, 2021, Burns assaulted a female correctional officer, C.E., while incarcerated at Morgan County Jail, where he was housed awaiting sentencing in a case involving his guilty plea to wire- and access-device fraud charges. Officer C.E. was distributing meal trays when Burns requested a cigarette break. Officer C.E. told Burns that he could have a cigarette break

---

[1] We review the procedural and substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

once mealtime was over and asked Burns to back up. Burns continued to approach Officer C.E., then assaulted her, punching her twice in the face and knocking her to the ground. Burns then stood over Officer C.E., yelling profanities at her until another inmate pulled him away. The assault was captured on video.

Officer C.E. was taken to the hospital by ambulance, and sustained injuries to her face and teeth, including a bruised and swollen eye and loosened teeth. She also had bruising to her left triceps area and back. Four days after the assault, she went to the doctor reporting dizziness and a mild headache.

Regarding a potential adjustment for acceptance of responsibility, the PSI reported that, while incarcerated at Cullman County Jail awaiting sentencing in the instant case, Burns sent letters identified as "legal mail" in which he sought the assistance of associates to engage in a criminal scheme. In the letters, Burns instructed individuals on how to send him papers sprayed with synthetic drugs disguised as legal mail, and stated the associates could earn a significant amount of money selling the contraband. Sheriff's deputies employed at the Cullman County Jail intercepted three such letters on October 5, 2021, October 10, 2021, and October 25, 2021.

With a total offense level of 15, and a criminal history category of II, Burns' advisory Guidelines range was 21 to 27 months' imprisonment. The PSI also noted Burns had three prior charges adjudicated by the United States Army for which he was assessed zero criminal-history points, including (1) a 2017 charge for failure

to obey order and wrongful use of marijuana for which the disposition was unknown; (2) a 2018 charge for wrongful use of marijuana that was not prosecuted and resulted in an administrative separation; and (3) a charge for desertion that resulted in a general court martial and administrative separation. The PSI further noted Burns had two pending charges, including a 2021 charge for capital murder, for which a continuance was granted, and a 2021 charge for domestic violence which had been set for a jury trial. The PSI noted the maximum term of imprisonment for assault of a corrections officer with bodily injury is 20 years.

Prior to sentencing, Burns objected to the paragraphs describing the "legal mail" contraband scheme and the pending domestic-violence charges, as well as the denial of a two-point reduction for acceptance of responsibility. Burns subsequently withdrew his objections to the account of the "legal mail" conduct, but maintained his objection to the domestic-violence pending charges.

At sentencing, the court overruled Burns' objections to the inclusion of the domestic-violence charges. The court then stated it was adopting the factual statements contained in the PSI and made findings that the offense level was 15, the criminal history category was II, and the advisory Guidelines range was 21 to 27 months.

The Government addressed the court and noted that members of the Morgan County Sheriff's Office were present in support of the victim, who was unable to attend the sentencing hearing. Detective Brooks then addressed the court on behalf of the victim.

He spoke about the events of April 19, 2021, and the nature of the victim's injuries. The court admitted photographic evidence of the victim's injuries. The Government then addressed the court and stated the Guidelines range was "surprisingly low" in light of Burns' conduct and the fact he did not receive a reduction for acceptance of responsibility. In particular, the Government noted that Burns was not receiving a reduction for acceptance of responsibility because, during the few months prior to the sentencing hearing, the Cullman County Jail had confiscated multiple letters from Burns in which he had attempted to give instructions to individuals outside of the jail on sending drugs and other products that inmates use to smoke marijuana. The Government stated Burns' conduct—the sending of letters—continued up until "very recently." The Government then recommended a sentence of 27 months, pursuant to its promise in the written plea agreement, while noting it was making the recommendation within the Guidelines range because it agreed to do so before it knew what the Guidelines range would be.

> The district court then addressed Burns and stated:
>
> Mr. Burns, obviously I am very concerned about your continuing criminal conduct, even while in custody. It demonstrates to me that you are not truly remorseful for what you have done up to this point and, worse than that, your criminal conduct seems to be escalating. This was an unprovoked attack that caused absolutely horrific injuries to this officer. And I cannot imagine how you could have done this.

I do not believe that the [G]uidelines adequately deter your criminal conduct or protect the public from your further crimes at twenty-seven months.

So I am going to exercise my authority under *Booker* to impose a sentence outside the [G]uideline[s] range. It is the judgment of the court that the defendant, Lemond Lawrence Burns, is hereby committed to the custody of the [B]ureau of [P]risons to be imprisoned for a term of one hundred fifty months. The term of imprisonment imposed by this judgment shall run consecutively to all other sentences . . . .

The court has considered the factors found at 18 U.S.C. [§] 3553(a) and considering the [G]uideline[s] computations and taken them under advisement, the court finds that the sentence that I have just imposed is sufficient but not greater than necessary to comply with the statutory purposes of sentencing, specifically the nature and circumstances of the offense and the history and characteristics of the defendant, to reflect the seriousness of the offense and promote respect for the law and provide just punishment for the offense, to afford adequate deterrence from criminal conduct and to protect the public from further crimes of the defendant.

The court does find that the sentence just imposed is reasonable and concludes that the sentence imposed would have been the same regardless of how the [G]uideline[s] issue had been resolved.

. . . .

Sir, it is exceedingly rare for me to have somebody come in my courtroom that I decide seems to be the personification of pure evil, and I have no doubt you are an absolute danger to the public, to law enforcement, to anybody you're around.  I don't know why that is.  I hope you will take this time to look into your heart and consider whether you need to make some changes to the life you're living.

Burns objected to the imposed sentence as "not supported in law or fact."

## II.  DISCUSSION

### A.  Procedural Reasonableness

In reviewing the reasonableness of a sentence, we employ a two-part process. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, we must ensure the district court committed no significant procedural error. *Id.* A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) factors, sentences based on clearly erroneous facts, or fails to adequately explain its chosen sentence. *Id.* The district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). Generally, "[a]n acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will

suffice." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Burns' sentence is procedurally reasonable. The district court satisfied the requirement it consider the § 3553(a) factors and provided an adequate explanation for its sentence. The district court correctly calculated the Guidelines range, and stated it had considered the § 3553(a) factors and Guidelines calculations. *See Kuhlman*, 711 F.3d at 1326; *Gonzalez*, 550 F.3d at 1324.

## B. Substantive Reasonableness

If the district court's decision is procedurally sound, then we will consider the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. We examine whether a sentence was substantively reasonable in light of the totality of the circumstances, including the extent of any variance from the Guidelines range. *Id.* A district court imposes a substantively unreasonable sentence when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*) (quotation marks omitted). The district court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2)(A)-(C).

In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

We give due deference to the district court's decision that the § 3553(a) factors, taken together, justify the extent of a variance. *Gall*, 552 U.S. at 59-60. The district court is free to consider any information relevant to a defendant's background, character, and conduct in imposing a variance. *United States v. Tome*, 611 F.3d 1371, 1379 (11th Cir. 2010). However, a "rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence" is not appropriate. *Gall*, 552 U.S. at 47. While an appellate court may take the degree of variance into account, there is no rule that requires "extraordinary" circumstances to justify a sentence outside the Guidelines range. *Id.*

Burns has not met his burden to show his sentence is substantively unreasonable. *See Tome*, 611 F.3d at 1378 (stating the party challenging the sentence bears the burden to show the sentence is unreasonable). As an initial matter, the 150-month sentence imposed by the district court is well-below the 240-month statutory maximum sentence for assault of a corrections officer with bodily injury, an indicator of reasonableness. *See* 18 U.S.C. §

111; *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256-57 (11th Cir. 2015) (holding the sentence was reasonable in part because it was 33 months below the statutory maximum of 120 months).

While Burns makes several arguments regarding the district court's improper consideration of and weighing of the § 3553(a) factors, each of his arguments fail. First, Burns' argument the district court improperly considered the fact his criminal conduct occurred while he was in custody is unpersuasive, as the nature and circumstances of Burns' offense, including where it occurred, was a relevant factor for the court to consider. 18 U.S.C. § 3553(a)(1). Burns' ongoing criminal conduct, although uncharged, was relevant to the court's consideration of the need to provide adequate deterrence and protect the public. *Id.* § 3553(a)(2). Consideration of Burns' uncharged conduct was also permissible because the district court may rely on uncontested facts contained in a PSI, as well as facts not resulting in a conviction. *See United States v. Faust*, 456 F.3d 1342, 1348 (11th Cir. 2006) (explaining the district court may also consider facts of underlying conduct that did not result in a conviction, so long as the facts are proved by a preponderance of the evidence and the sentence imposed does not exceed the maximum sentence authorized by the jury's verdict); *United States v. Polar*, 369 F.3d 1248, 1255 (11th Cir. 2004) (stating the district court's factual findings for sentencing purposes may be based on evidence heard during trial, undisputed statements in the PSI, or evidence presented during the sentencing hearing).

Next, Burns' argument the district court improperly considered his lack of remorse similarly fails because such a lack of remorse was relevant to the § 3553(a) factors of the need to promote respect for the law, to deter criminal conduct, and to protect the public from Burns' future conduct. 18 U.S.C. § 3553(a)(2)(A)-(C). Additionally, Burns' argument the district court erred because, in imposing an upward-variance sentence, it considered factors that were elements of Burns' crime or otherwise already accounted for by the Guidelines is unpersuasive because it is clearly established by this Court's case law that a district court may consider factors already taken into account by the Guidelines in imposing a variance sentence. *See United States v. Amedeo*, 487 F.3d 823, 833-34 (11th Cir. 2007) (stating in imposing a variance, the district court may also rely on factors that it already considered in calculating the defendant's Guidelines range).

Further, Burns' argument his sentence is unreasonable because the district court improperly weighed the § 3553(a) factors by giving significant weight to Burns' uncharged criminal conduct and lack of remorse, and not enough weight to his limited criminal history and the nature and circumstance of the offense, also fails. *See Rosales-Bruno*, 789 F.3d at 1254 (stating the weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court). Burns' assertion the court failed to provide an adequate explanation for its sentence and solely imposed an upward variance as a vindictive measure, as evidenced by the presence of officers during sentencing, is unsupported by the record. In

imposing its sentence, the court specifically referenced several of the § 3553(a) factors, including protecting the public and the need to provide adequate deterrence. 18 U.S.C. § 3553(a)(2)(B)-(C). The district court also provided other reasons for its upward variance, including the escalation of Burns' criminal conduct, which supports the conclusion the court provided an adequate and proper explanation for its variance. *See United States v. Johnson*, 803 F.3d 610, 618-20 (11th Cir. 2015) (affirming an upward variance to 102 months, from a Guidelines range of 70-to-87 months, and noting that the sentencing court "reasonably found" the Guidelines range "understated the seriousness" of the defendant's "recent criminal history"); *United States v. Early*, 686 F.3d 1219, 1221 (11th Cir. 2012) (explaining where a court imposes an upward variance based upon the § 3553(a) factors, it must have a justification compelling enough to support the degree of the variance). Moreover, at no point during sentencing did the district court indicate it had a vindictive motive for imposing an upward variance, nor, without more, can such a motive be presumed based on the presence of officers at sentencing.

The record in this case does not leave a definite and firm conviction the district court committed a clear error of judgment in weighing the § 3553(a) factors. *See Irey*, 612 F.3d at 1190 (stating we will vacate on substantive reasonableness grounds only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable

22-10195                Opinion of the Court                13

sentences dictated by the facts of the case").  Accordingly, we affirm.

**AFFIRMED.**